*La sentencia recurrida debe ser confirmada.*

En el Asunto de Pedro Ríos. Eduardo Ríos, apelante.

Núm. 9865.—*Sometido:* Abril 13, 1943. *Resuelto:* Abril 28, 1943.

*Cruz Ortiz Stella*, abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo*, abogado de El Pueblo.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El niño Pedro Ríos, de menos de dieciséis años de edad, estudiante de octavo grado en la escuela del barrio Buena Vista de Humacao, fué llevado ante la Corte para Niños de aquel distrito, a solicitud del Sr. Luis F. Camacho, en calidad de niño delincuente. Se le imputó en la solicitud que el

día 23 de enero de 1942 hizo cuatro disparos de revólver su maestro, Ignacio Ortiz, hiriéndole en el lado derecho d la cara.

Celebrada la vista en cámara, la corte dictó su resolució declarando que por la prueba practicada por ambas parte quedó demostrado fuera de toda duda razonable que el me nor delincuente realizó los actos que se le imputaron en l querella; y que las circunstancias del caso, por ser de na turaleza tan grave, le hacían imposible colocar al menor el su hogar y bajo la custodia y vigilancia de su propio padre En su consecuencia decretó la reclusión del menor en la Es cuela Industrial Reformatoria de Puerto Rico.

Declarada sin lugar la moción de reconsideración radi cada por el padre del menor, apeló éste para ante esta Corte Suprema, alegando como fundamentos de su recurso que la corte sentenciadora erró en la apreciación de la evidencia, la cual no justifica la resolución dictada, y que interpretó erró neamente el artículo 25 de la Ley creando las Cortes Juve niles.

Haremos un resumen de la prueba. La aducida en apoyo de la querella fué la siguiente:

El Dr. Víctor Rincón declaró que asistió al herido profe sor Ignacio Ortiz; que le curó una herida de bala que pe netró por el ángulo de la mandíbula derecha y salió por la boca destruyendo toda la dentadura de arriba, quemando la lengua y el labio interno, con incrustación de un diente en el labio inferior; y que el herido estuvo recluído en la clí nica durante casi dos semanas.

Ignacio Ortiz, el herido, declaró que el menor Pedro Ríos fué su discípulo durante cuatro años; que el día del suceso, como a las 12:20 P. M. vinieron unas niñas a decirle que Pedro Ríos no quería dejarlas jugar, a pesar de que a las niñas les tocaba el turno de por la tarde; que entonces él fué al terreno y sacó de allí a todos los niños, saliendo Pe dro de allí a regañadientes; que cuando salió Pedro, el de-

rante le dijo que iba a hablar con su padre porque Pedro había dicho que él quería ir a jugar y que iba a hacer lo lo posible porque los demás no fueran; que entonces dro "se expresó de una manera grosera conmigo y le dí, con esta mano le dí así por aquí"; que no le dió por la cara; que como veinte minutos más tarde, a la una menos cinco, encontrándose el declarante instruyendo a dos niñas en el juego de *soft ball,* sintió como un golpe de revólver y al volverse, pues estaba de espaldas, sintió una detonación, penetrándole la bala por la mandíbula derecha; que en ese momento vió a Pedro Ríos y éste le dijo: "Eso para que me respete"; que Pedro siguió disparándole y él corrió transversalmente. Repreguntado por el abogado del menor, contestó que él le dió a Pedro con la mano abierta, en el lado de la cara, pero que apenas le tocó, y que no fué una bofetada lo que le dió; que en ese momento había allí muchachos y muchachas, pero que no es cierto que las muchachas se pusieran a chotear a Pedro; que él no vió ni oyó que lo chotearan; que tampoco es cierto que Pedro se echara a llorar, que él no lo vió llorar. A preguntas del Juez Municipal, contestó que Pedro era un estudiante mediocre, "avergüence"; que durante los primeros tres años su conducta podía calificarse como buena, pero no así durante el último año, pues casi nunca terminaba su trabajo y si uno le decía algo se encachorraba y no quería trabajar.

La niña Josefa Ortiz, declaró en corroboración de lo declarado por el profesor Ortiz, y dijo: que cuando Ortiz mandó a pedirle el bate prestado, Pedro se negó a darlo y dijo que el día del juego no iría y que si iba sería para hacerle malas jugadas a él; que Ortiz le dijo que él tenía el deber de restituirlo y que iba a dar la queja a su padre; que Pedro le contradijo y entonces Ortiz le dió con la mano abierta por la región parietal derecha; que entonces se fueron a jugar, dejando a Pedro debajo de un árbol, y cuando estaban ya jugando, notaron que Pedro se había desaparecido; que al

poco rato, como a los quince minutos, Pedro vino, pasó delante de la declarante y de Ortiz que estaba hablando ella y le disparó a Ortiz dos tiros; que entonces ella co y Pedro siguió disparando, pero no sabe cuántos dispa más hizo. Que no vió que cuando Ortiz le pegó a Pedro niños y niñas lo chotearan; que Pedro lloró y sacó el ñuelo y entonces se fué; que Pedro es un muchacho bu y se portaba bien.

La joven Rosario Guevara declaró más o menos en mismo sentido que la joven Ortiz, fijando en veinte minu el tiempo transcurrido desde el incidente ocurrido entre profesor y el niño hasta el momento en que éste hizo los paros.

Carmelo Gutiérrez, testigo presencial del hecho descri el suceso en la misma forma que los demás, pero añad que lo que hizo el profesor fué darle al muchacho con mano abierta por la cabeza, un cocotazo por el lado derec y que los muchachos chotearon a Pedro diciéndole ''Ch Pedro Chon'', y que entonces Pedro se fué a la casa y tr el revólver.

Declarando en su propia defensa, el menor Pedro R dijo: que se arrepintió después de haberle hecho los disparo su maestro; que cuando recibió el golpe del maestro sus co pañeros le chotearon y él se echó a llorar debajo de un bol; que ahora se dedica a estudiar el catecismo los dom gos y trabaja con su padre atendiéndole el negocio de f tos menores, caña y ganado. Repreguntado por el fisc contestó primeramente que se había arrepentido de lo hec ''porque perdía mi diploma, que me hacía falta ahora'', y preguntarle el fiscal si no se arrepintió porque estimaba q había hecho mal, entonces respondió: ''Por eso también.'

Eduardo Ríos, padre del menor, declaró que él es gundo mayordomo de la finca ''Australia'' y tiene una sición desahogada, teniendo un ingreso anual de $3,000 $4,000; que su hijo, desde que ocurrió el suceso en la escue

ha dedicado al trabajo, encargándose de todos los asuntos negocios particulares de su padre; que Pedro le es absolutamente útil y necesario; que es de un carácter apacible, obediente, no tiene vicios y nunca ha tenido quejas de él; que está dispuesto a tomar al muchacho bajo su custodia y asegurarle a la corte que no volverá a cometer ningún otro delito.

Es censurable que el profesor Ortiz no tuviera la ecuanimidad y control que debe tener el maestro para reprimir, sin recurrir al castigo corporal, la falta cometida por un muchacho desobediente y de carácter violento. La queja del profesor al padre, para que éste impusiera al hijo el merecido castigo, hubiera seguramente evitado el lamentable suceso que expuso al profesor a perder su vida. Empero, es más censurable aún que un muchacho díscolo y desobediente, después de desacatar las órdenes del maestro y faltarle el respeto hasta el punto de hacerle perder la calma, al verse castigado por la mano del profesor, aguarde el tiempo necesario para poder armarse con un revólver y atentar contra la vida de quien fué su maestro durante cuatro años consecutivos, agrediéndole por la espalda.

No encontramos en toda la prueba circunstancia alguna que pudiera justificar nuestra intervención con la discreción que la ley concede a la Corte para Niños. Estando sus conclusiones sostenidas por la prueba, es nuestro deber respetarlas.

¿Erró la corte sentenciadora al ordenar la reclusión del menor Pedro Ríos en la Escuela Industrial Reformatoria?

La sección 23 de la Ley para establecer un Sistema de Cortes para Niños prohibe terminantemente la encarcelación de un niño menor de 16 años en una cárcel común, en la compañía de criminales adultos allí confinados. Y la sección 25 de la misma ley, dispone:

"Cuando un niño fuere declarado delincuente y la corte no considerare conveniente la permanencia del niño en su hogar o en otra

822

casa, la corte podrá ordenar su reclusión en cualquier instituc
pública o privada; y si el delincuente fuere mayor de diez y s
años, la corte podrá ordenar su reclusión en la Escuela Correccio
o en cualquier otra institución que más adelante se estableciere pɨ
reclusión de niños delincuentes.'' (Cód. de Enj. Crim., pág. 377.)

El niño Pedro Ríos ha sido declarado delincuente. Nac
el día 19 de junio de 1927. Tenía en la fecha en que se diɨ
la resolución recurrida—noviembre 17, 1942—quince añ
cuatro meses y veintiocho días.

Teniendo el apelante en el momento en que cometió
delito y en la fecha en que fué declarado delincuente men
de dieciséis años de edad, la corte, de acuerdo con la se
ción 25, supra, tenía discreción para ordenar su reclusión
una institución pública, como lo es la Escuela Industrial R
formatoria, o en una institución privada. Si el niño Pedr
Ríos hubiese tenido en la fecha en que atentó contra la vid
de su maestro más de dieciséis años de edad, en ese caso
siendo esa su primera delincuencia, la Corte para Niños n
hubiese tenido jurisdicción para conocer del caso, pues d
acuerdo con la sección 8 de la ya citada ley y para los fine
de la misma la palabra ''niños'' o ''niño'' comprenderá, ''
menos que de otro modo se consigne específicamente, a cua
quier niño de la Isla de Puerto Rico menor de dieciséis año
de edad, o que, una vez sujeto a la jurisdicción de una Cort
para Niños por las disposiciones de esta Ley no haya lle
gado a la mayor edad.'' La Corte para Niños tiene, pues
jurisdicción sobre niños que al cometer su primera delin
cuencia tenían menos de dieciséis años, y sobre aquellos mu
chachos delincuentes que teniendo más de dieciséis y menos
de veintiún años de edad quedaron sujetos a su jurisdicción
por una delincuencia cometida antes de cumplir la edad de
dieciséis años. Cuando el menor delincuente tiene más de
dieciséis años y está ya sujeto a la jurisdicción de la Corte
para Niños, ésta no puede ordenar su reclusión en una ins-
titución privada. La citada sección 25 deja a su discreción
el recluirle en la Escuela Industrial Reformatoria o en cual-

[u]ier otra institución que más adelante se establezca para la
[r]eclusión de niños delincuentes; pero no la autoriza para
[d]ejar al niño en su hogar ni para ordenar su reclusión en
[u]na institución privada.

*Considerando todas las circunstancias del caso, es preciso
concluir que la corte inferior no abusó de su discreción al
dictar la resolución recurrida, la cual debe ser confirmada.*